## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ÁNGEL M. SUSTACHE,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 18-1635 (MEL)

## OPINION AND ORDER

On February 7, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 21. On May 1, 2020, counsel Pedro G. Cruz-Sánchez ("Cruz-Sánchez") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 22. This motion was granted on May 14, 2020. ECF No. 24.

On July 18, 2022, that is more than two years after judgment was entered, Cruz-Sánchez filed a petition for attorney's fees pursuant to Title 42, United States Code, Section 406(b). ECF No. 27. This motion was amended on August 4, 2022 because "inadvertently the amount requested was omitted." ECF No. 29. In support of his petition under Section 406(b), Cruz-Sánchez informed that he "received via fax for the first time on June 28, 2022, a Notice of Award (NOA) dated November 22, 2020…." ECF No. 27 at 2; ECF No. 27-2. Cruz-Sánchez's petition for Section 406(b) attorney fees is DENIED as untimely.

Local Rule 9 of this court, amended on February 28, 2022, provides in its pertinent part that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. §406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social

Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." Assuming *arguendo* that it was not until on June 28, 2022 that Cruz-Sánchez received for the first time the Notice of Award, Cruz-Sánchez's petition was not timely filed within thirty-days of his receipt of the Notice of Award because it was not until August 4, 2022 that he informed the court for the first time how much in fact he wanted to be compensated in attorney's fees pursuant to Section 406(b). ECF No. 29.

Furthermore, although the Notice of Award was faxed to Cruz-Sánchez on June 28, 2022, the evidence on the record suggests that said notice was mailed to him by the Social Security Administration on November 22, 2020. *Compare* ECF No. 27-2 at 1 with ECF No. 27-2 at 2. Prior to the amendment of Local Rule 9, I had held that "a petition for attorney's fees under Section 406(b) had to be filed within fourteen (14) days of counsel receiving notice of the benefits award" and that "Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same." *Meléndez v. Comm's of Soc. Sec.*, 18-1965 (MEL), 2021 WL 4485393, at 1-2 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). Therefore, taking into account that there is reason to find that Cruz-Sánchez received by mail the Notice of Award late in November 2020, even the incomplete petition for attorney's fees under Section 406(b) filed on July 18, 2022 was untimely.

WHEREFORE, Cruz-Sánchez's petition for attorney's fees under Section 406(b), as amended, is hereby DENIED on untimeliness grounds.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of October, 2022.

s/Marcos E. López
U.S. Magistrate Judge